IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| AMMON RA SUMRALL,<br><br>*Plaintiff,*<br><br>v.<br><br>DR. THOMAS SCHOBURG, *et al.*,<br><br>*Defendants.* | CIVIL ACTION NO.<br>5:24-cv-00250-TES-TQL |

**ORDER STRIKING PLAINTIFF'S OBJECTION**

Pro se Plaintiff Amman Ra Sumrall, an inmate at Wilcox State Prison in Abbeville, Georgia, filed an Objection [Doc. 8] to the Northern District of Georgia's Order transferring this case. *See* [Doc. 3]. Plaintiff commenced this action on July 3, 2024, by filing a civil rights complaint under 42 U.S.C. § 1983 seeking damages, injunctive relief, and possibly declaratory relief. *See* [Doc. 1].

United States Magistrate Judge Catherine M. Salinas transferred this case under 28 U.S.C. § 1404(a) on July 25, 2024, noting that "the events about which Plaintiff complains occurred in the Middle District and the witnesses presumably would be located" in the Middle District of Georgia. [Doc. 3]. On August 12, 2024, Plaintiff filed Objections in the Northern District of Georgia, arguing that the magistrate judge had no authority to transfer this case. *See* Objections, Sumrall v. Schoburg, 1:24-cv-2990-VCM (N.D. Ga. Aug. 12, 2024), ECF No. 4.

The next day, Plaintiff filed the same objections in this Court. [Doc. 8]. However, a district court lacks power to review another district court's decision, and a transferor court retains jurisdiction to reconsider its own transfer order. *Daker v. Bryson*, 841 F. App'x 115, 124 (11th Cir. 2020) (citations omitted). Thus, this Court has no power to review the Northern District of Georgia's Transfer Order and lacks jurisdiction to consider Plaintiff's Objection to it. *See* [Doc. 8]; [Doc. 3]. Accordingly, the Court **STRIKES** Plaintiff's Objection [Doc. 8].

**SO ORDERED**, this 19th day of August, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
